## PHH MENTAL HEALTH SERVICES, INC. v THE NEW YORK TIMES COMPANY, etc. and LAKELAND LEDGER PUBLISHING CORP., etc.

### Case No. 88-2337-02

Tenth Judicial Circuit, Polk County

September 12, 1989

### APPEARANCES OF COUNSEL

**David A. Maney,** Maney Damsker & Arledge, for plaintiff.

**George K. Rahdert,** Rahdert & Anderson, for defendants.

**Kenneth Richieri,** Co-counsel, for defendant, The New York Times Company.

### OPINION OF THE COURT

ROBERT E. BEACH, Circuit Judge

### *FINAL JUDGEMENT*

THIS CAUSE having come on to be heard upon the Plaintiff's complaint for Declaratory Judgement and the Defendant counter-claim for Injunction to compel disclosure of records and a complaint for Injunction and Writ of Mandamus, and the Court having heard witnesses, received tangible evidence and memorandum, and heard arguments of counsel, the Court makes the following findings and order:

## FINDINGS

1. The Court has jurisdiction of the parties and the subject matter.

2. The issue in this case is whether or not the Plaintiff, PHH Health Mental Services, Inc., a Florida non-profit corporation, is a public agency or a private corporation acting on behalf of a public agency and, therefore, subject to the Public Records Act as required by Chapter 119 of the Florida Statutes. (It will be referred to as PHH)

3. PHH contends it is neither a public agency or a private corporation acting on behalf of a public agency and refuses disclosure of its records. The Defendant, Lakeland Ledger Publishing Corporation, a Florida corporation d/b/a the Ledger, a newspaper of general circulation in central Florida, contends that PHH is a public agency or a private corporation acting on behalf of a private agency and seeks inspection of its records pursuant to Chapter 119 of the Florida Statutes.

4. On June 18, 1971, pursuant to the Baker Act, (chapter 71-131, of the Laws of Florida), the Tri-County Mental Health Board, Inc. was created to provide planning, coordination, mental health and alcoholism services to Polk, Hardee and Highland Counties.

5. In 1976, the Florida Legislature amended the Act dealing with mental health care and required that planning and coordinating for mental health care be administered by a separate agency from that agency providing mental health care services. As a result of this legislative change, on December 14th, 1976, the Tri-County Mental Health Board District VIII-A, Inc. was created to perform *only* planning, coordination and administrative services in public mental health care for the three previously mentioned counties. Mental health care services was to be provided by Tri-County Alcohol Services, Inc. created on October 22, 1976.

6. On December 30, 1983, Tri-County Mental Health Board VIII-A, Inc., was replaced by Tri-County Mental Health Board, Inc., District VI-B, Inc., performing essentially the same services as its predecessor.

7. In 1984, the Florida Legislature mandated that mental health care planning and coordinating be transferred to the State Department of Health and Rehabilitate Services (HRS).

8. In 1984, Tri-County Mental Health Board, District VI-B, Inc., was dissolved but Tri-County Alcohol Rehabilitative Services, Inc., continues to provide mental health care services for the three counties.

9. On December 20, 1976, PHH Mental Health Services, Inc., was formed as a tax exempt non-profit Florida Corporation.

10. The Court finds that PHH, a Florida non-profit corporation is a governmental agency as defined by the Florida Statutes, Chapter 119 and as such, its records are accessible to the public based on the following findings and reasons.

a) PHH's purpose for existence as stated in the Articles of Incorporation, was to seek public and private monies to promote funding for the purchases of property, equipment and services in furtherance of mental health care in Polk, Hardee and Highland counties.

b) PHH's initial application (IRS Form 1023) for tax exemption provided that 90% of its financial support would be from local government.

c) The Articles of Incorporation provided that the members of the Board of Directors of PHH shall be appointed by the County Commission for the counties of Polk, Hardee and Highland counties. (In spite of this provision the method of appointment of Directors to PHH was not followed at all times).

d) At the time of incorporation, PHH's corporate address was the same as Tri-County Mental Health Board District VIII-A, Inc.

e) At the time of incorporation of PHH and Tri-County Mental Health Board District VIII-A, Inc., the president and vice president of both corporations were the same individuals.

f) At the time Tri-County Mental Health Board Inc. dissolved in 1977 it transferred $159,330.43 and a 11,000 square foot building purchased for $39,000.00 with approximately $24,000.00 of improvements to PHH. The source of the money for the purchase and improvement of the building and the cash transferred to PHH were public monies collected directly or indirectly by Tri-County Mental Health Board pursuant to local governmental authority.

g) For a portion of the co-existence of PHH and Tri-County Mental Health Inc., they shared office space and expenses. From time to time, PHH employees performed services for Tri-County Mental Health Inc. On at least one occasion the two corporations held a joint Board of Directors meeting and transacted business of mutual interest.

i) PHH has further acknowledged in its financial reports and subsequent U.S. tax report forms that its purpose is to promote mental health care through public funding.

j) In 1979, PHH received governmental funds as government grants for the CETA program.

k) One of the main reasons PHH was created was to be a repository

94

of the $159,330.43 cash and the building to avoid the entrance of this property to the state of Florida as a result of legislative changes in the mental health care law.

l) PHH did provide assistance to mental care services in the three counties by renting its building to Tri-County Alcohol Services, Inc., for $1.00 a year, an amount far less than the actual rental value.

m) The substantial amount of money and property initially received by PHH was responsible for its creation and continued existence and operation. The fact that an agency of the state (HRS) has disavowed any interest in the money or property does not change the fact that the money and property were derived through the assistance of local government and therefore remain within the public domain.

n) The purpose and operation of PHH in the mental health field was inextricably intertwined with the operation of Tri-County Mental Health Inc., and its successors, and therefore was its agent.

o) The fact that this Court has found that PHH Mental is a public agency subject to the Florida Public Records Act is not to be construed in any way as any indication of wrongdoing on the part of any individual or corporation.

## ORDER

IT IS ORDERED AND ADJUDGED that PHH Mental Health Services, Inc., as a public agency, makes its record accessible to the public. The Defendant's counter-claim for injunction relief to compel disclosure of records is granted and its writ for mandamus is Denied because it is moot.

DONE AND ORDERED this 12th day of September, 1989.